Filed 10/24/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DON MEALING, as Trustee, etc., | |
| Plaintiff and Appellant, | G050577 |
| v. | (Super. Ct. No. 30-2014-00715046) |
| DIANE HARKEY FOR BOARD OF EQUALIZATION 2014 et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from an order of the Superior Court of Orange County, Geoffrey T. Glass, Judge. Affirmed.

Aires Law Firm, Timothy Carl Aires and Justin Morong for Plaintiff and Appellant.

Law Offices of Jeffrey S. Benice and Jeffrey S. Benice for Defendants and Respondents.

\*     \*     \*

In this creditor's suit, Don Mealing, as Trustee of the Mealing Family Trust (Mealing), seeks a judgment directing the entity called Diane Harkey for Board of Equalization 2014 (Campaign) to repay a loan Diane Harkey (Diane) made to the Campaign and apply the proceeds to partially satisfy a nearly $1.6 million judgment Mealing obtained against Diane's husband, Dan Harkey (Dan).[1] Mealing claims the Campaign's indebtedness to Diane is a community property asset of Dan and Diane that may be used to partially satisfy the judgment.

To preserve the Campaign's assets during this action, Mealing applied ex parte for an order under Code of Civil Procedure section 708.240, subdivision (a), to prohibit the Campaign from making any payments to Diane on the loan.[2] The trial court denied the application without explanation and Mealing appealed. He contends the trial court lacked discretion to deny his application because he made a prima facie showing that he obtained a judgment against Dan, the judgment remained unpaid, and Diane's loan to the Campaign was a marital asset that he could use to partially satisfy the judgment, and the Campaign presented no evidence to overcome that showing.

We affirm. Under section 708.240, subdivision (a), a judgment creditor may apply for an order restraining a third party who is indebted to a judgment debtor from making any payments *to the judgment debtor*. But Diane is not a judgment debtor, which is statutorily defined as the person against whom a judgment was rendered. Judgment in the earlier action was rendered against Dan, not against Diane. Even assuming the loan Diane made to the Campaign is a community property asset that may be used to satisfy the judgment, Diane is not a judgment debtor and section 708.240,

---

[1] We refer to Diane and Dan Harkey by their first names to avoid confusion. No disrespect is intended. We refer to the Campaign, Diane, and Dan collectively as Respondents.

[2] All statutory references are to the Code of Civil Procedure unless otherwise stated.

subdivision (a), therefore does not apply. Section 708.240, subdivision (b), authorizes a judgment creditor to obtain a temporary restraining order and preliminary injunction preventing a third party who is indebted to a judgment debtor from making a payment or transfer *to any person*, not just the judgment debtor. Mealing, however, abandoned his request for an order under section 708.240, subdivision (b), and fails to make any showing to support an order under that subdivision.[3]

I

FACTS AND PROCEDURAL HISTORY

In November 2013, Mealing obtained a judgment against Dan and Point Center Financial, Inc. for nearly $1.6 million based on a breach of fiduciary duty claim arising from an investment Mealing made with Point Center Financial. The judgment also named Dan as Point Center Financial's alter ego. In the same action, Mealing alleged various claims against Diane, but the court entered judgment in her favor on all claims.

In April 2014, Mealing filed this lawsuit against the Campaign, Diane, and Dan to collect on the judgment Mealing obtained against Dan. Mealing alleged Diane was running for a seat on the California State Board of Equalization and formed the Campaign to manage her run for office. According to Mealing, public filings showed Diane loaned the Campaign $100,000 and advanced more than $6,000 toward the

---

[3] The day before oral argument was scheduled, the parties submitted a stipulation to dismiss this appeal without explanation. We declined to accept that stipulation and provided the parties with the option to appear at oral argument or waive oral argument and submit on their briefs. Both sides elected to waive oral argument. We publish this opinion because the case is fully briefed and raises novel issues in applying section 708.240's subdivisions. (*Greb v. Diamond Internat. Corp.* (2013) 56 Cal.4th 243, 247, fn. 3; *Finton Construction, Inc. v. Bidna & Keyes, APLC* (2015) 238 Cal.App.4th 200, 204-205; see Cal. Rules of Court, rule 8.244(c)(1) ["court *may* dismiss appeal" on receipt of request or stipulation to dismiss (italics added)].)

Campaign's expenses, the Campaign is indebted to Diane for more than $106,000, and that indebtedness represents a community property asset of Diane and Dan that Mealing may use to satisfy a portion of his judgment. Mealing sought a court order directing the Campaign to pay him the $106,000 in partial satisfaction of the judgment.

In August 2014, Mealing filed an ex parte application seeking (1) an order under section 708.240, subdivision (a), restraining the Campaign "from repaying Defendant Diane Harkey or any other person a $100,000 'personal campaign loan' made by Defendant Diane Harkey, or from repaying Defendant Diane Harkey or any other person 'accrued but unreimbursed campaign expenses' of $6,250 advanced by Defendant Diane Harkey," and (2) a temporary restraining order and preliminary injunction under section 708.240, subdivision (b), restraining the Campaign "from making any transfer of funds, directly or indirectly, that would result in the balance of its funds on deposit being less than $106,250."

The trial court denied Mealing's ex parte application without explanation, and this appeal followed.

II

DISCUSSION

A. *Legal Background*

The Code of Civil Procedure establishes a comprehensive statutory scheme covering the enforcement of civil judgments, including several different remedies a judgment creditor may employ to collect on a judgment. (§§ 680.010 to 724.260; *Evans v. Paye* (1995) 32 Cal.App.4th 265, 276.) One of those remedies is commonly referred to as a "creditor's suit" under section 708.210 et seq.: "[W]hen a third person possesses or controls property in which a judgment debtor has an interest or is indebted to the judgment debtor, the judgment creditor may bring an action against the third person to

4

apply the property or debt to satisfaction of the creditor's money judgment." (*Evans*, at p. 276.) Mealing filed this action as a creditor's lawsuit.

The statutory scheme includes two provisions authorizing a judgment creditor to obtain a restraining order enjoining a third party from transferring property in which the judgment debtor has an interest, or paying a debt owed to the judgment debtor, while the creditor's suit is pending. Section 708.240, subdivision (a), allows the judgment creditor to apply for an order restraining the third person from making any transfer or payment "to the judgment debtor." The application for an order under this subdivision may be made ex parte unless the trial court or a court rule requires a noticed motion. In granting an order under this subdivision, the trial court may order the judgment creditor to post an undertaking. Section 708.240, subdivision (b), allows the judgment creditor to apply for a temporary restraining order and preliminary injunction preventing "the third person from transferring to any person or otherwise disposing of the property in which the judgment debtor is claimed to have an interest." This subdivision makes an application for relief under its terms subject to the Code of Civil Procedure provisions governing injunctive relief in general.[4]

_____

[4] In its entirety, section 708.240 provides as follows: "The judgment creditor may apply to the court in which an action under this article is pending for either or both of the following: [¶] (a) An order restraining the third person from transferring to the judgment debtor the property in which the judgment debtor is claimed to have an interest or from paying to the judgment debtor the alleged debt. The order shall be made on noticed motion if the court so directs or a court rule so requires. Otherwise, the order may be made on ex parte application. The order shall remain in effect until judgment is entered in the action or until such earlier time as the court may provide in the order. An undertaking may be required in the discretion of the court. The court may modify or vacate the order at any time with or without a hearing on such terms as are just. [¶] (b) A temporary restraining order or a preliminary injunction or both, restraining the third person from transferring to any person or otherwise disposing of the property in which the judgment debtor is claimed to have an interest, pursuant to Chapter 3 (commencing with Section 525) of Title 7, and the court may make, dissolve, and modify such orders as provided therein."

5

By incorporating the statutory provisions governing injunctions in general, section 708.240, subdivision (b), requires the judgment creditor to "prove the probable validity of his claim and threat of irreparable injury" to obtain an injunction preventing the third party from transferring the property to any person, as opposed to a restraining order under section 708.240, subdivision (a), which solely prevents the third party from making a transfer or payment to the judgment debtor.  (*Wardley Development, Inc. v. Superior Court* (1989) 213 Cal.App.3d 391, 399 (*Wardley*).)  "This stricter burden was imposed to provide 'the third person with procedural safeguards that were not present in former Section 720 [the predecessor statute].'"  (*Wardley*, at p. 399.)

In the trial court, Mealing sought both a restraining order under section 708.240, subdivision (a), to prevent the Campaign from making a payment to Diane, and a temporary restraining order and preliminary injunction under section 708.240, subdivision (b), to prevent the Campaign from making a transfer or payment to anyone that would cause the Campaign's balance to drop below the amount the Campaign owed Diane.  On appeal, Mealing does not challenge the trial court's decision to deny the request under section 708.240, subdivision (b), and exclusively focuses on the court's decision to deny the request under section 708.240, subdivision (a).

As with any other request for injunctive relief, we review the trial court's ruling under the abuse of discretion standard.  (See *Husain v. McDonald's Corp.* (2012) 205 Cal.App.4th 860, 867 [injunctions in general].)  "'The scope of discretion always resides in the particular law being applied, i.e., in the "legal principles governing the subject of [the] action. . . ." Action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an "abuse" of discretion. [Citation.] . . . To determine if a court abused its discretion, we must thus consider 'the legal principles and policies that should have guided the court's actions.'"  (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.)  To the extent Mealing's appeal raises any issues regarding the proper interpretation

6

of section 708.240, we review those issues de novo. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432 [statutory interpretation is question of law subject to de novo review].)

B.    *Section 708.240, Subdivision (a), Does Not Apply to Transfers or Payments to Diane Because She is Not a Judgment Debtor*

Mealing contends the trial court erred in denying his request for an order under section 708.240, subdivision (a), because he made a prima facie showing of entitlement to relief and the Campaign presented no evidence to overcome that showing. According to Mealing, "once a prima facie showing of the existence of the Judgment, the Creditor's Suit, and the Debt owed to the judgment debtor's marital community had been made, and no evidence to the contrary is presented in opposition, the trial court's discretion is limited to either (a) granting the restraining order requested outright, (b) granting the restraining order requested but requiring an undertaking, or (c) directing that the matter be heard on the trial court's regular law and motion calendar." By its terms, however, section 708.240, subdivision (a), does not apply to Mealing's request.

Section 708.240, subdivision (a), allows a judgment creditor to obtain an order restraining a third person from making any transfer or payment "to the judgment debtor." In the statutory scheme governing a creditor's suit, the term "'[j]udgment debtor'" is statutorily defined as "the person against whom a judgment is rendered." (§ 680.250 [defining "'[j]udgment debtor'"]; see also § 680.110 [making statutory definitions applicable to entire statutory scheme on enforcement of judgments].) Diane is not a judgment debtor under this definition.

Mealing obtained a judgment against Dan and Point Center Financial, but Diane successfully defended against all claims Mealing alleged against her, obtaining a judgment in her favor. Mealing's ex parte application sought an order under section 708.240, subdivision (a), to prevent the Campaign from making any payment to "Defendant Diane Harkey or any other person" on the loan and advance that Diane made

7

to the Campaign. Mealing, however, failed to make any showing Diane was a judgment debtor, and therefore he was not entitled to an order prohibiting the Campaign from making a transfer or payment under section 708.240, subdivision (a).

Citing section 695.020, subdivision (a), Mealing contends the loan and advance "constituted a community property asset that could be applied in satisfaction of the Judgment." That code section merely states, "Community property is subject to enforcement of a money judgment as provided in the Family Code." (§ 695.020, subd. (a).)

Family Code section 910, subdivision (a), states, "Except as otherwise expressly provided by statute, the community estate is liable for a debt incurred by either spouse before or during marriage, regardless of which spouse has the management and control of the property and regardless of whether one or both spouses are parties to the debt or to a judgment for the debt." Family Code section 1000 addresses a married person's liability for the torts of his or her spouse, such as the judgment Mealing obtained against Dan for breach of fiduciary duty. Family Code section 1000, subdivision (a), states, "A married person is not liable for any injury or damage caused by the other spouse except in cases where the married person would be liable therefor if the marriage did not exist." Family Code section 1000, subdivision (b)(1), provides, "If the liability of the married person is based upon an act or omission which occurred while the married person was performing an activity for the benefit of the community, the liability shall first be satisfied from the community estate and second from the separate property of the married person."

Based on these statutory provisions, the community estate of Diane and Dan may be liable for the judgment Mealing obtained against Dan, but that does not make Diane a "judgment debtor"—i.e., the person against whom a judgment was rendered. (See §§ 680.250, 708.240, subd. (a).) Section 708.240, subdivision (a), only authorizes an order restraining transfers or payments to the judgment debtor. It says

8

nothing about transfers or payments to a judgment debtor's spouse even if the judgment may be satisfied from the community property estate the judgment debtor shares with his or her spouse.

To obtain an order restraining the Campaign from making any payment on the loan or advance to Diane, Mealing must seek an order under section 708.240, subdivision (b), which authorizes an order prohibiting transfers to any person, not just the judgment debtor. On appeal, Mealing abandoned his request for relief under section 708.240, subdivision (b), and makes no attempt to establish the probable validity of his claim and irreparable injury that he must show to obtain relief under that subdivision. (*Wardley*, *supra*, 213 Cal.App.3d at p. 399.) We therefore affirm the trial court's order denying Mealing relief under section 708.240, subdivision (a).

III

DISPOSITION

The order is affirmed. Respondents shall recover their costs on appeal.


ARONSON, J.

WE CONCUR:


MOORE, ACTING P. J.


FYBEL, J.

9